WILLIAM J. AND CYNTHIA NORDIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nordin v. Commissioner
Docket No. 4905-88
United States Tax Court
T.C. Memo 1989-359; 1989 Tax Ct. Memo LEXIS 358; 57 T.C.M. (CCH) 1041; T.C.M. (RIA) 89359; July 24, 1989
William Nordin and Cynthia Nordin, pro sese. Gina A. Gulotty, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: This matter is before the Court on respondent's motion under Rule 123(b) [1] to dismiss for lack of prosecution as to the tax deficiencies and additions to tax under section 6661 and section 6654. Respondent also has filed a motion under Rule 123(a) to hold petitioner William J. Nordin in default as to the additions to tax under section 6653(b). Respondent determined deficiencies in petitioner William J. Nordin's Federal income tax and additions to tax for 1981 and in petitioners William J. and Cynthia Nordins' joint Federal income tax and additions to tax for 1982 and 1983 in the amounts set forth below: William J. Nordin
Additions to Tax, I.R.C. Secs.
Year
Deficiency
6653(b)
6654
1981
$ 10,023
$ 5,011.50
$ 246.11
*360 William J. Nordin and Cynthia Nordin
Additions to Tax, I.R.C. Secs.
Year
Deficiency
6653(b)(1)*
6653(b)(2)*
6661
6654
1982
$  -0-
$ 5,070.50 **
$ 2,535.25
$ 787.31
1983
-0-
4,629.00
- 2,314.50
-0-
At the time petitioners filed their petition in this case they resided in West Chazy, New York. This case was called for trial at New York City, New York, on February 6, 1989. Neither petitioners nor anyone on their behalf appeared at the trial of the case. With regard to the tax deficiences and additions to tax under sections 6654 and 6661, petitioners have the burden of proof. Rule 142(a); . See also . In light of petitioners' failure to appear at the trial and to participate in any meaningful way in the resolution of this case, respondent's motion to dismiss is granted as to the tax deficiencies and additions to tax under *361 sections 6654 and 6661 for each year. [2], affd. ; Rule 149(b). With regard to the additions to tax for fraud under section 6653(b), respondent has the burden of proof. Sec. 7454(a); Rule 142(b); . Where, however, petitioners fail to properly proceed with their case, a default decision as to the fraud additions to tax is appropriate if the pleadings establish sufficient facts to support the judgment. ; *362 Rule 123(a). The pleadings, as well as respondent's deemed admissions (through petitioner's failure to reply to respondent's request for admissions), establish the following facts relevant to the fraud additions to tax. During 1981, petitioner William J. Nordin was employed as a welder and received wage income from various welding jobs in the total amount of $ 31,428. Also during 1981, petitioner William J. Nordon received a state tax refund and unemployment compensation in the amounts of $ 173 and $ 375, respectively. On June 3, 1982, petitioner William J. Nordin filed a Federal income tax return for 1981, but he did not report the above wages or income on the return. The return reflected "zero" for wages and "zero" for adjusted gross income, and it reflected a request for refund of all Federal income taxes withheld. Forms W-2, reflecting the wages petitioner William J. Nordin received in 1981 were attached to the return, but the word "incorrect" was handwritten on each form. Petitioner William Nordin also attached a signed and sworn affidavit to his 1981 tax return in which he alleged that all Forms W-2 attached to the return were incorrect. During 1982, petitioner William *363 J. Nordin received wages from various welding jobs in the total amount of $ 46,405. During the year, he filed with his employers three Forms W-4 withholding certificates on which he erroneously indicated he was exempt from any withholding tax liability. On August 15, 1983, petitioner William J. Nordin filed a Federal income tax return for 1982 on which he reported total wages of $ 46,405, but on which he also erroneously reported a business loss in the same amount and a tax liability of zero. During 1983, petitioner William J. Nordin received wages from various welding jobs in the total amount of $ 47,732. On January 2, 1984, petitioner William J. Nordin filed with his then employer a Form W-4 withholding certificate on which he erroneously claimed 45 exemptions. On February 27, 1984, he filed a separate Federal income tax return for 1983 on which he erroneously claimed a loss deduction in the same amount as the wages reported on the return and a tax liability of zero. Also on February 27, 1984, petitioner William J. Nordin filed another Federal income tax return for 1983 on which he erroneously claimed a miscellaneous deduction in the same amount as the total wages reported. *364 On April 29, 1985, petitioners filed a joint Federal income tax return for 1983. The record does not reflect what was reported on this return. On June 12, 1986, petitioners jointly filed another Federal income tax return for 1982 on which they reported wages they received in 1982, but on this return they eliminated the erroneous offsetting loss deduction claimed on the earlier return filed for 1982. On September 8, 1986, petitioner William J. Nordin was convicted of knowingly and willfully failing to file a 1981 Federal income tax return in a timely manner in violation of section 7203, and of willfully supplying to his employer false and fraudulent withholding information in violation of section 7205. Petitioner William J. Nordin for 1981 and petitioners for 1982 and 1983 underreported their correct taxable income and their correct Federal income tax liability for each of the years at issue in the following amounts: Year
Taxable Income
Tax Liability
1981
$ 31,428
$ 10,023
1982
46,405
10,141
1983
47,732
9,258
The above factors establish petitioner William J. Nordin's willful intent to evade the payment of Federal income taxes *365 for 1981 and petitioner's willful intent to evade the payment of Federal income taxes for 1982 and 1983. . Respondent's motion for default will be granted as to the fraud additions to tax for each of the years at issue as to petitioner William J. Nordin. An appropriate order will be entered granting respondent's motion. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as in effect during the years at issue.↩
*. The additions to tax under section 6653(b) were determined only against petitioner William J. Nordin. ** 50 percent of the interest due on $ 8,070.00.↩
2. The Omnibus Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002(a), 100 Stat. 1874, 1951, increased the section 6661(a) addition to tax to 25 percent of the underpayment attributable to a substantial understatement for additions to tax assessed after October 21, 1986. Respondent, however, has not amended his answer to seek an increase to the section 6661(a) addition to tax over the amount determined in the notice of deficiency. Accordingly, we sustain respondent's determination of section 6661(a) additions to tax equal to 10 percent of the underpayment attributable to the substantial understatements.↩